# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CELLAIRIS FRANCHISE, INC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. |
| GMD SILVER, INC., et al., | ) ) | |
| Defendants. | ) | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF GMD SILVER, INC., AND GOLAM M. RAHMAN

Defendants GMD Silver, Inc., and Golam M. Rahman ("Defendants") make and file this, their Answer, Defenses and Counterclaim to plaintiffs' Verified Complaint as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim on which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## SIXTH DEFENSE

Plaintffs claims are barred by the doctrine of competitors' privilege.

## SEVENTH DEFENSE

These Defendants reserve the right to raise additional affirmative defenses as revealed by the evidence produced in discovery.

## EIGHTH DEFENSE

These Defendants respond to the separately number paragraphs of Plaintiffs' Complaint as follows.

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2.     Admitted.

3.     Admitted.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6.     Defendants admit that any agreements between the parties speak for themselves.

7.     Admitted.

8.     Defendants are without knowledge or information sufficient to form a belief as to the relationship between Cellairis and Global.  Defendants deny the remaining allegations of Paragraph 8.

9.     Responding to the allegations in paragraph 9, these Defendants admit that GMD entered into at least 15 franchise agreements, the terms of which speak for themselves.  Except as expressly admitted herein, the remaining allegations are denied.

10.     Responding to the allegations in paragraph 10, these Defendants admit that GMD entered into multiple lease agreements, the terms of which speak for themselves.  Except as expressly admitted herein, the remaining allegations are denied.

11.     Denied.

12.     Responding to the allegations in Paragraph 12, these Defendants admit that they opened stores at each of the listed malls on or about the stated dates.  Further responding, Defendants state Cellairis has never provided fully-executed copies to Defendants of the alleged documents to which this paragraph refers, and they cannot admit or deny the specific dates.

**COUNT I**

13.     Defendants incorporate their responses to Paragraphs 1-12.

14.    Defendants admit that any agreements between the parties speak for themselves.

15.    Defendants admit that they have opened business units in several states under the name "Cellaxs" which units distribute cell phone accessories similar to accessories Defendants sell at their Cellairis business locations. Defendants deny the remaining allegations of Paragraph 15.

16.    Denied for the reasons stated in Defendants' response to Paragraph 12.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Admitted.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Defendants admit that any agreements between the parties speak for themselves.

26.     Defendants deny that they have used any information which constitutes confidential information or trade secrets.  Except as expressly admitted herein, the remaining allegations of paragraph 26 are denied.

27.     Denied.

28.     Defendants admit that any agreements between the parties speak for themselves.

29.     Defendants admit that any documents between the parties speak for themselves.

30.     Defendants admit that any agreements between the parties speak for themselves.

31.     Denied.

32.     Denied.

33.     Denied.

## COUNT II

34.     Defendants incorporate their responses to Paragraphs 1-33.

35.     Defendants admit that plaintiffs are alleging a cause of action as stated, but deny that Plaintiffs are entitled to recover on such cause of action in this case.

36.     Defendants admit that any agreements between the parties speak for themselves.

37.    Denied.

38.    Admitted.

39.    Defendants admit that Rafik was involved in the establishment of the Cellaxs locations.

40.    Defendants admit that Rafik was involved in the establishment of the Cellaxs name.

41.    Defendants deny that they have copied any Trade Dress Items.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

## COUNT III

59.    Defendants incorporate their responses to Paragraphs 1-58.

60.    Defendants admit that any agreements between the parties speak for themselves.

61.    Defendants admit that plaintiffs are alleging a cause of action as stated, but deny that Plaintiffs are entitled to recover on such cause of action in this case.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied .

71.    Defendants admit that the statute cited speaks for itself, but deny that said statute has any bearing on this case

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

## COUNT IV

79.    Defendants incorporate their responses to Paragraphs 1-78.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

## COUNT V

85.    Defendants incorporate their responses to Paragraphs 1-84.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

## COUNT VI

92.    Defendants incorporate their responses to Paragraphs 1-91.

93.    Defendants admit that any agreements between the parties speak for themselves.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Defendants admit that any agreements between the parties speak for themselves.

100.   Defendants admit that any agreements between the parties speak for themselves.

101.   Denied.

102.   Denied.

103.   Denied.

## COUNT VII

104.   Defendants incorporate their responses to Paragraphs 1-103.

105.   Defendants admit that any agreements between the parties speak for themselves.

106.   Denied.

107.   Defendants admit that any agreements between the parties speak for themselves.

108.   Denied.

109.   Denied.

110.   Defendants admit that any agreements between the parties speak for themselves.

111.   Defendants admit that any agreements between the parties speak for themselves.

112.   Denied.

113.   Denied.

114.   Denied.

## COUNT VIII

115.   Defendants incorporate their responses to Paragraphs 1-114.

116.   Defendants admit that any agreements between the parties speak for themselves.

117.   Defendants admit that any agreements between the parties speak for themselves.

118.   Denied.

119.   Defendants admit that any agreements between the parties speak for themselves.

120.   Defendants admit that any agreements between the parties speak for themselves.

121.   Defendants admit that any agreements between the parties speak for themselves.

122.   Denied.

123.   Denied.

124.   Denied.

## COUNT IX

125.   Defendants incorporate their responses to Paragraphs 1-124.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Defendants admit that any agreements between the parties speak for themselves.

131.   Denied.

## COUNT X

132.   Defendants incorporate their responses to Paragraphs 1-131.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

## COUNT XI

141.   Defendants incorporate their responses to Paragraphs 1-140.

142.   Denied to the extent this paragraph is directed to these Defendants. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

143.   Denied to the extent this paragraph is directed to these Defendants. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

144.   Denied to the extent this paragraph is directed to these Defendants. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

145.   Denied to the extent this paragraph is directed to these Defendants. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

146.   Denied.

147.   Denied.

148.   Denied.

## COUNT XII

149.   Defendants incorporate their responses to Paragraphs 1-148.

150.   Denied.

151.   Denied.

152.   Denied.

153.   Denied.

154.   Denied.

155.   Denied.

## COUNT XIII

156.   Defendants incorporate their responses to Paragraphs 1-155.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

<strong>COUNT XIV</strong>

168.   Defendants incorporate their responses to Paragraphs 1-167.

169.   Defendants admit that any agreements between the parties speak for themselves.

170.   Defendants admit that any agreements between the parties speak for themselves.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

## COUNT XV

177.   Defendants incorporate their responses to Paragraphs 1-176.

178.   Defendants admit that any agreements between the parties speak for themselves.

179.   Defendants admit that any agreements between the parties speak for themselves.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied.

184.   Denied.

185.   Denied.

## COUNT XVI

186.   Defendants incorporate their responses to Paragraphs 1-185.

187.   Defendants admit that the statute cited speaks for itself, but deny that said statute has any bearing on this case.

188.   Defendants admit that the statute cited speaks for itself, but deny that said statute has any bearing on this case.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

## COUNT XVII

193.   Defendants incorporate their responses to Paragraphs 1-192.

194.   Defendants admit that the statute cited speaks for itself, but deny that said statute has any bearing on this case.

195.   Defendants admit that the statute cited speaks for itself, but deny that said statute has any bearing on this case.

196.   Denied.

197.   Denied.

198.   Denied.

199.   Denied.

## COUNT XVIII

200.   Defendants incorporate their responses to Paragraphs 1-199.

201.   Defendants admit that the statute cited speaks for itself, but deny that said statute has any bearing on this case.

202.   Defendants admit that the statute cited speaks for itself, but deny that said statute has any bearing on this case.

203.  Denied.

204.  Denied.

205.  Denied.

206.  Denied.

## COUNT XIX

207.  Defendants incorporate their responses to Paragraphs 1-206.

208.  Defendants admit that any agreements between the parties speak for themselves.

209.  Denied.

210.  Defendants admit that any agreements between the parties speak for themselves.

211.  Denied.

212.  Denied.

213.  Denied.

## COUNT XX

214.  Defendants incorporate their responses to Paragraphs 1-213.

215.  Defendants admit that any agreements between the parties speak for themselves.

216.  Defendants admit that the statute cited speaks for itself, but deny that said statute has any bearing on this case.

217.   Defendants admit that the statute cited speaks for itself, but deny that said statute has any bearing on this case.

218.   Denied.

219.   Denied.

220.   Each and every other allegation contained in Plaintiffs' Complaint not specifically admitted herein is denied.

WHEREFORE, Defendants request that plaintiffs take nothing by way of any claim in their Complaint, and that the Court award Defendants their attorney's fees, costs, and any other appropriate relief.

## **COUNTERCLAIM**

Counterclaim plaintiffs GMD Silver, Inc., and Golam M. Rahman ("Counterclaim Plaintiffs") make and file this, their Counterclaim to plaintiffs' Verified Complaint as follows:

1.      By filing this action in this district, plaintiffs are subject to the jurisdiction and venue of this court.

2.      Before entering into the franchise agreements with Cellairis, Rahman was operating cell phone accessory stores at malls and shopping centers that did not have Cellairis locations.  Cellairis knew or should have known that Rahman were operating competing business before granting them Cellairis franchises.

3.      Plaintiffs have knowingly sold goods and services to Counterclaim Plaintiffs' CellAxs® stores.

4.      CellAxs® is a registered Trademark with the United States Patent and Trademark Office, U.S Serial No. 77830160.  Counterclaim Plaintiff GMD Silver, Inc., is the owner of the CellAxs® trademark.

5.      Plaintiffs have never objected to nor challenged GMD Silver Inc.'s rights in and to the CellAxs® mark.

6.      Plaintiffs are estopped to challenge GMD Silver, Inc.'s rights in and to the CellAxs® mark.

## COUNT I
## WRONGFUL TERMINATION OF FRANCHISE AGREEMENTS

7.      The preceding allegations of this counterclaim are incorporated herein by reference.

8.      On or about July 16, 2010, counsel for plaintiffs wrote a letter to Mohammed Rahman and Powers Law Offices, LLC, a copy of which is attached to plaintiffs' Complaint as Exhibit A which purported to terminate counterclaim Plaintiffs' Cellairis franchises.

9.      If and to the extent Cellairis terminated Mr. Rahman's franchise agreements, such terminations were wrongful and without proper justification.

10.     Based upon the wrongful terminations of the franchise agreements, Counterclaim Plaintiffs are entitled to compensatory damages in an amount to be proved by the evidence at trial.

## COUNT II
## <u>DECLARATORY JUDGMENT</u>

11.     The preceding allegations of this counterclaim are incorporated herein by reference.

12.     The purported in-term non-competition covenants in the franchise agreements lack any territorial limit.

13.     The in-term non-competition covenants are void and unenforceable under Georgia law.

14.     The invalidity of the in-term non-competition covenants render all non-competition covenants in the franchise agreements, including any post-termination covenants, void and unenforceable.

15.     The parties have a dispute as to whether the post termination non-competition covenants are enforceable.

16.     Counterclaim Plaintiffs are entitled to declaratory judgment that the post-termination non-competition covenants in the franchise agreements are void as a matter of law.

## COUNT III
## <u>ATTORNEY'S FEES</u>

17.     The preceding allegations in this counterclaim are incorporated herein by reference.

18.     Plaintiffs have acted in bad faith, stubbornly and litigiously and have caused Counterclaim Plaintiffs unnecessary trouble and expense, all of which justifies the award of attorney's fees to Counterclaim Plaintiffs in this case.

## JURY TRIAL DEMANDED

Counterclaim Plaintiffs hereby demand trial by jury on all issues proper for trial .

WHEREFORE, GMD Silver, Inc., and Golam M. Rahman pray for the following:

(a) That Plaintiffs' complaint be dismissed and that they have judgment in their favor on all counts in plaintiffs' complaint;

(b) That the court issue a declaratory judgment that the non-competition covenant contained in the Franchise Agreement is void as a matter of law;

(c) Judgment in their favor that the termination of the Franchise Agreements was wrongful as a matter of law;

(d) Compensatory damages in the favor on all counts of their Counterclaim against CellAiris in an amount to be proven at trial;

(e) An award of attorney's fees and expenses of litigation; and

(f) Such other and further relief as is just and proper.

This 30th day of August, 2010.

**/s/*Randy Edwards*** _____
Randy Edwards
Georgia Bar. No. 241525
COCHRAN & EDWARDS LLC
2950 Atlanta Road, SE
Smyrna, Georgia  30080
Telephone:  770.435.2131
Facsimile:  770.436.6877
Email:  randy@cochranedwardslaw.com

***/s/Doug Powers*** _____
Douglas Dormire Powers
(Ind. Bar #6477-90)
(*pro hac motion pending*)
POWERS LAW OFFICES, LLC
10311 Dawson's Creek Blvd., Suite E
Fort Wayne, Indiana  46825
Telephone:  260.490.8700
Facsimile:  260.490.8722
Email:  doug.powers@powerslawoffices.com

*Attorneys for Defendants/Counterclaim Plaintiffs
GMD Silver, Inc., and Golam M. Rahman*

# <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to local rule 7.1D the attached pleading complies with the font and point selections prescribed by local rules 5.1B and uses 14 point Times New Roman Font.


/s/*Randy Edwards*
RANDY EDWARDS
Georgia Bar No. 241525

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on August 30, 2010, a true and correct copy of the foregoing **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF GMD SILVER, INC., AND GOLAM M. RAHMAN** was electronically filed with the Clerk of the Court using the CM/ECF systems which will automatically send notification of such filing to all attorneys of record.

*/s/Randy Edwards*
RANDY EDWARDS
Georgia Bar No. 241525